IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON J. BACHMAN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-1864-M-BD |
| | § | |
| PATRICK R. DONAHOE, | § | |
| Postmaster General, U.S. Postal Service | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Jason J. Bachman, a former employee of the U.S. Postal Service ("USPS"), against the Postmaster General of the United States. On August 2, 2011, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on August 11, 2011. The court now determines that plaintiff's claims should be summarily dismissed.

II.

In or around November 2010, plaintiff applied for a position with the USPS as a Rural Route Carrier. As part of the application process, plaintiff completed a Medical Assessment and signed an authorization allowing the agency to obtain health records to determine his physical and mental suitability for employment. Plaintiff certified that the information provided by him to the agency was true and correct to the best of his knowledge and belief, and acknowledged that his failure to answer the questions truthfully may result in his termination. One of the questions in the Medical Assessment asked, "Have you ever been injured on the job?" Plaintiff answered the question "no." Shortly after plaintiff was hired, the USPS Office of Inspector General ("OIG") learned that he had filed two prior worker's compensation claims -- one in 2002 and one in 2006. Because plaintiff did not report those claims in his Medical Assessment, his employment was terminated. (*See* Plf. Compl., Attch. at Page ID 14-15).

Following his discharge, plaintiff filed an EEO complaint alleging that the USPS violated federal law by asking him questions about prior worker's compensation claims. (*See* Mag. J. Interrog. #1 at Page ID 50). That complaint was rejected by an administrative judge. Plaintiff then filed this action in federal district court.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

       (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

### B.

The gravamen of plaintiff's complaint is that defendant violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, by requiring him to complete a Medical Assessment and by asking him questions about job-related injuries. Plaintiff admits that he does not suffer from any disability. Rather, he contends that a job applicant or an employee "has a right to challenge a disability-related inquiry or medical examination that is not job-related and consistent with business necessity." (*See* Mag. J. Interrog. #4).

Even if plaintiff has standing to sue under the ADA,[1] he has failed to state a claim on which relief can be granted. The statute cited by plaintiff provides, in pertinent part:

> A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity.

42 U.S.C. § 12112(d)(4)(A). The ADA defines "disability" as:

> (A)  a physical or mental impairment that substantially limits one or more major life activities of [an] individual;
>
> (B)  a record of such an impairment; or
>
> (C)  being regarded as having such an impairment[.]

*Id.* § 12102(1). Here, plaintiff fails to identify any inquiry made by defendant as to whether he "is an individual with a disability or as to the nature or severity of the disability[.]" Job-related injuries and prior worker's compensation claims do not meet the statutory definition of "disability." Consequently, plaintiff's ADA claim should be dismissed.

## C.

Plaintiff also sues for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* The FCRA was enacted to combat abuses in the credit reporting industry by protecting individuals from inaccurate or arbitrary information in a consumer report. *See Kretchmer v. Eveden, Inc.*, 374 Fed.Appx. 493, 496, 2010 WL 1141527 at *3 (5th Cir. Mar. 12, 2010). Under the statute, a "consumer report" is defined as:

---

[1] The Fifth Circuit has not yet decided whether a non-disabled person can bring suit under 42 U.S.C. § 12112(d), the statute prohibiting disability discrimination in connection with pre-employment and post-employment medical examinations and inquiries. *See Fuzy v. S&B Engineers & Constructors, Ltd.*, 332 F.3d 301, 303 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1069 (2004), *citing Armstrong v. Turner Industries*, 141 F.3d 554, 558 (5th Cir. 1998).

> [A] written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title.

15 U.S.C.A. § 1681a(d)(1). Nowhere in his complaint or interrogatory answers does plaintiff identify any communication made by a credit reporting agency. The worker's compensation history report furnished to defendant is not a "consumer report" as defined by the FCRA.

D.

Next, plaintiff sues for retaliatory discharge under Chapter 451 of the Texas Labor Code. The Civil Service Reform Act ("CSRA"), 5 U.S.C. § 7101, *et seq.*, and the Postal Reorganization Act of 1971 ("PRA"), 39 U.S.C. § 1001, *et seq.*, establish a comprehensive scheme governing employment relations within the USPS. Numerous courts, including the Fifth Circuit, have held that state law challenges to federal personal actions within the scope of the CSRA are preempted by federal law. *See Rollins v. Marsh*, 937 F.2d 134, 140 (5th Cir. 1991) (citing cases) ("Every circuit facing this issue has concluded that the remedies provided by the CSRA preempt state-law remedies for adverse personnel actions."). The CSRA prohibits federal employers from taking any adverse action against an employee for exercising any complaint or grievance right granted by law, *see* 5 U.S.C. § 2302(b)(9)(A), or on the basis of conduct that does not adversely affect the performance of the employee or the performance of others. *See id.* § 2302(b)(10). Plaintiff's claim that he was terminated in retaliation for filing a worker's compensation claim falls within the scope of the CSRA

and is preempted by the statute. *See Jefferson v. U.S. Postal Service*, No. 3-98-CV-2066-G, 1999 WL 304565 at *1-2 (N.D. Tex. May 10, 1999) (holding that retaliation claim against USPS was preempted by CSRA).

E.

Finally, plaintiff alleges that defendant violated 29 C.F.R. § 1614.102(b)(2), an administrative regulation requiring federal agencies to "[e]stablish or make available an alternative dispute resolution program[,]" by canceling a mediation conference scheduled for February 7, 2011. (*See* Plf. Compl. at 10). However, no facts are alleged to support this claim. Nor did plaintiff answer an interrogatory asking him to explain how defendant violated this regulation and how he was injured thereby. (*See* Mag. J. Interrog. #8). This claim should be dismissed.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 24, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE